IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RUSS BOWERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 4:24-cv-964 |
| | § | |
| MICARAMY LOGISTICS & | § | |
| TRUCKING LLC | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## COMPLAINT

RUSS BOWERS, Plaintiff, files this Complaint and Jury Demand against MICARAMY

LOGISTICS & TRUCKING LLC, (hereinafter referred to as "Micaramy" or "Defendant"), and

for cause of action would respectfully show the Court the following:

**I.**
**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff RUSS BOWERS is a resident of Denton County, Texas.

2. Defendant MICARAMY LOGISTICS & TRUCKING LLC  is an entity which

can be served with Citation through its Registered Agent, Jubril Ajayi, 13290 Noel Road, Apt

213, Dallas, TX 75240 USA.

3. This Court has jurisdiction to hear the merits of Mr. Bowers' claims under 28

U.S.C. §1331. The Court has supplemental jurisdiction over Mr. Bowers' claims arising under

Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because

a substantial portion of the events giving rise to this action occurred in this division and district.

1

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      On March 22, 2022, within 180 days of being turned down for jobs he applied for, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, alleging age discrimination. Plaintiff is filing this lawsuit within 90 days of July 27, 2024, when he received his Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission.

## III.
## FACTS

6.      Mr. Bowers began interviewing with Amazon delivery service providers in the fall of 2021. Mr. Bowers was born in 1958, so he was 63 years old at that time.

7.      On December 14, 2021, Mr. Bowers got a voicemail from Brittany who worked for Defendant Micaramy Logistics, an Amazon delivery service, expressing interest in hiring him. Mr. Bowers scheduled an interview with Brittany for January 14, 2022.

8.      On January 14, 2022, Mr. Bowers had a phone interview with Brittany. Based on the interview, she sent Mr. Bowers an offer letter contingent on background check and drug screen. Mr. Bowers completed the background check and driver's license verification on January 16, 2022.

9.      On January 17, Mr. Bowers resigned from his job so he could take the position with Defendant.

10.      On January 18, Mr. Bowers received an email from Micaramy Logistics stating that they would not move forward with his application. Mr. Bowers left voicemails for Brittany on January 19th and 21st, but she did not respond.

11.     On January 26, 2022, Mr. Bowers went to the place of employment and spoke with Brittany in person.  In that meeting, Brittany indicated that the reporting manager does not like to hire individuals over a certain age, as he is concerned that they will be injured or unable to do the work. Brittany told Mr. Bowers that she would speak to the reporting manager and get back to Mr. Bowers in the afternoon. She never got back in touch with Mr. Bowers.

12.     On January 27, 2022, Mr. Bowers called Brittany and she texted him back that she had not forgotten about him, and was still waiting to talk to the reporting manager. Mr. Bowers has not heard from Brittany or anyone from Micaramy Logistics since then.

**CAUSES OF ACTION**
**COUNT ONE**
**DISCRIMINATION UNDER THE ADEA**

13.     Discrimination.  The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes age discrimination, in direct violation of the Age Discrimination in Employment Act, 29 U.S.C. §621.

14.     Plaintiff's age was the but-for cause of Defendant's employment decisions regarding Plaintiff, including the decision not to hire Plaintiff into the positions he sought.. Plaintiff's age moved Defendant toward its employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**IV.**
**DAMAGES**

15.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and

3

front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## VII.
## LIQUIDATED DAMAGES

16. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

17. A prevailing party may recover reasonable attorneys' and experts' fees under the ADEA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services,and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

18. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3.      The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.      The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.      The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6.      The Court award Plaintiff instatement or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF